MuRdock,
dissenting: The above report sets forth that the petitioner has alleged:
The Commissioner erred in his determination by including as additional taxable income to this petitioner for the calendar year 1920, an item of $17,-120.00 representing direct payment from H. W. Dubiske & Company for Class A Common Stock of the Dayton Rubber Manufacturing Company to unknown person or persons and in holding that in the absence of an identified recipient of such payment, it constituted income to this petitioner.
Later, in the opinion, in commenting upon this allegation of error, the statement is made:
It is our opinion that the amount of $17,120.00 was received by the petitioner but we are unable to determine whether or not the respondent has already taken this into account in his determination.
In view of the allegation that the respondent erred in including the amount in the petitioner’s income, our duty was completely performed when we decided that the amount was received by the petitioner. Our judgment should then have been for the respondent, and we were going beyond anything required of the pleadings in the case when we troubled ourselves as to whether or not the respondent had included the amount in the petitioner’s income or as to *866 whether or not he had taken the amount into account in his determination. If he had not, it was up to his counsel to request at or before the hearing that the deficiency be increased because he had not taken the amount into account. He did not do this.
The opinion in this same connection contains a statement “ Upon the redetermination under Rule 50 the amount of $11,120 will be included in the petitioner’s income if it has not already been taken into account by the respondent.” In my opinion this is not a proper use of a redetermination under Rule 50 and is entirely unnecessary in this case as herein pointed out.